Abraham L. GARVIN, Appellant,

v.

Peter B. MUIR et al., Appellees.

Court of Appeals of Kentucky.

June 14, 1957.

Rehearing Denied Nov. 22, 1957.

 

Harry S. McAlpin, Louisville, for appellant.

C. Hayden Edwards, James E. Thornberry, Louisville, for appellees.

WADDILL, Commissioner.

Abraham L. Garvin was arrested on December 24, 1953, for being drunk. In night court, on the same date, an additional charge of vagrancy was placed against him. He was fined $10 for being drunk in a public place and was committed to jail to serve the fine. The vagrancy charge was continued to December 30, 1953, and on that date was continued to January 2, 1954.

Between December 30 and January 2 a "continued sheet for the docket" was prepared by a deputy jailer. The names of the prisoners who were to be returned to the police court on January 2, 1954, were listed on this sheet of paper and Garvin's name was included. To the right of Garvin's name, the entry read "vag—hold invest." Through inadvertence in copying detainers on prisoners who were to be returned to the jail after court on January 2, a "hold order" was prepared by a deputy jailer requesting the bailiff to return Garvin to jail to answer the alleged charge of "vag (hold for juv)." This notation was later interpreted by a deputy jailer to mean "vagrancy, hold for juvenile court." There was no legal process outstanding which would authorize the officers to hold Garvin for juvenile court, but after the vagrancy charge was "filed away" by the judge of the police court, the bailiff returned Garvin to jail where he was held for 25 days without a commitment order. On January 27, the alleged vagrancy charge was redocketed and again "filed away" in police court, and Garvin was then released from custody.

Garvin brought this action against Bernard J. Bax, Bruce Hoblitzell and Peter B. Muir to recover damages for false im-

prisonment. It is conceded that Bax held the office of jailer of Jefferson County for a term ending January 4, 1954; that Bax was succeeded in that office by Bruce Hoblitzell, and that Peter B. Muir was the judge of the Louisville Police Court.

Upon trial and at the conclusion of the evidence, the circuit court granted Bax and Hoblitzell a directed verdict. The jury returned a verdict in favor of Muir. Garvin has appealed from the judgment entered upon those verdicts.

We think the court erred in directing a verdict for Bax and Hoblitzell. The proof shows that Garvin served his sentence for drunkenness. However, he was thereafter held in jail for a period of approximately 25 days when no mittimus or other valid order for his detention had been issued.

A jailer has custody of the prisoners in the jail (KRS 71.020), and unless a jailer has legal authority in the form of a written mittimus or an order of a court, he is liable for false imprisonment in holding a person in jail beyond a reasonable time for procuring such authority. 22 Am.Jur., False Imprisonment, sections 20 and 21.

The fact there was testimony showing the jailer had no personal knowledge that Garvin was unlawfully held in jail for 25 days does not constitute a complete defense to this action, but this testimony does tend to show a lack of malice on the part of the jailer and is competent for the purpose of minimizing the damages which may be awarded. The case of Jones v. Van Bever, 164 Ky. 80, 174 S.W. 795, L.R.A.1915E, 172 and cases cited therein, are relied upon by appellees as authority for the rule that an officer is not liable for the torts of his deputy when the deputy acts beyond the scope of his authority. We agree with that general principle, but we are unable to see wherein that rule is applicable to the facts in the instant case. The present action seeks damages against the appellees because they allegedly falsely imprisoned the appellant.

We conclude that appellant's proof establishes a prima facie case against the appellee jailers. However, the evidence reflected by this record would only support a verdict and judgment for nominal damages.

Appellee Muir was entitled to a directed verdict because the pleadings and proof are wholly insufficient to support a cause of action for false imprisonment against him.

All other questions raised in this case are specifically reserved.

The judgment, insofar as it exonerates appellees Bax and Hoblitzell from liability in this case, is erroneous and it is reversed with directions to grant the appellant, Garvin, a new trial; the judgment, insofar as it absolves appellee Muir of liability, is correct and it is affirmed.